IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. Donna Gatch, Pam Winans, and<br>Mary Rivers<br>　　　Plaintiffs, | QUI TAM ACTION FOR<br>VIOLATION OF THE<br>FALSE CLAIMS ACT |
| v. | Case No. 5:98 CV 179 SM |
| MEDTECH OF NORTH FLORIDA, INC.<br>d/b/a MEDTECH HOMECARE and<br>GADSDEN HOSPITAL HOME HEALTH;<br>WILLIAM O. HARDY; THOMAS MEADOWS;<br>ALEX HICKS; BEACH BAY HEALTH STAR<br>INC., d/b/a BEACH BAY HOME HEALTH;<br>and VICTORIA BELLINGER<br>　　　Defendants. | FILED IN CAMERA<br>AND UNDER SEAL |

COMPLAINT

INTRODUCTION

1.　　This is an action to recover damages and civil penalties on behalf of the United States arising from false claims and false statements made by Defendants MedTech of North Florida, Inc. d/b/a MedTech Homecare and Gadsden Hospital Home Health; William O. Hardy; Thomas Meadows; Alex Hicks; Beach Bay Health Star, Inc. d/b/a Beach Bay Home Health; and Victoria Bellinger; in violation of the Federal Civil False Claims Act, 31 USC §§ 3729-32, and to recover damages from Defendant Beach Bay Home Health Star, Inc.,

1

d/b/a Beach Bay Home Health and Victoria Bellinger for the unlawful discharge and harassment of Mary Rivers in violation of the Federal False Claims Act, 31 USC §3730(h). The false claims and false statements involve medical services which were billed to the Medicare program.

2.  The Civil False Claims Act permits individuals to sue on behalf of the United States to recover damages and civil penalties for false claims and false statements made to the United States. It is designed to encourage individuals who become aware of fraud against the United States to disclose such information without fear of reprisal or government inaction.

3.  The Civil False Claims Act provides that entities which knowingly submit a false claim or false statement to the United States for payment or approval are liable for a civil penalty of up to $10,000.00 for each claim plus three times the amount of damages sustained by the United States. The Act allows any person having knowledge of a false claim or false statement made against the United States to bring an action both for themselves and for the United States and to share in any recovery. The complaint is to be filed under seal and without service on the defendants for 60 days to enable the United States to conduct its own investigation and determine whether to join in the lawsuit. Plaintiff/Relator is also required at the time of the initial filing to serve the Government with copies of the complaint and with a statement of substantially all material evidence and information possessed by Relator. The

Civil False Claims Act also provides that employees who undertake lawful acts in furtherance of actions under the Act may not be discharged, demoted, suspended, threatened, harassed, or in any manner discriminated against by their employees because of such acts.  Violation of this provision entitles the employee to reinstatement, with seniority, two times the amount of pay lost, interest on back pay, and compensation for special damages including the litigation costs and reasonable attorneys fees.

4.  Based on these provisions Plaintiff/Relator seeks through this action to recover damages and civil penalties arising from claims for payment for home health medical services submitted by Defendants to the Medicare Program as well as damages for the unlawful discharge of Plaintiff Mary Rivers.  The total amount of damages and civil penalties as alleged in this complaint exceeds $75,000.00.

5.  Medicare is a health insurance program that assists the elderly and certain disabled persons.  It was created by Congress in Title XVIII of the Social Security Act, 42 USC §§1395 et. seq..  Medicare is administered by the federal government.

6.  As required by the Civil False Claim Axt, Plaintiff/Relators have simultaneous with the filing of this complaint served copies of the complaint and statements of substantially all materials evidence and information

possessed by them on the United States Attorney for the Northern District of Florida and the Attorney General of the United States.

## JURISDICTION AND VENUE

7. This is a civil action under the laws of the United States seeking redress for violations of the Civil False Claims Act, Title 31 of the United States Code §3729 et seq. This court has jurisdiction pursuant to §1331 of Title 28 of the United States Code because this action arises under the laws of the United States.

8. Venue is proper in the Northern District of Florida under 31 USC §3732 because the proscribed acts which are the subject of this action occurred in this district and because each of the defendants transact business in this district.

## PARTIES

10. Plaintiff/Relator Donna Gatch is a registered nurse and a citizen of the United States. She was from June of 1996 until December of 1997 employed by Defendant MedTech of North Florida, Inc., d/b/a MedTech Homecare and Gadsden Community Hospital Home Health (hereinafter "MedTech"). She, Pam Winans and Mary Rivers brings this action on behalf of the United States for violation of the Civil False Claims Act, 31 USC §§ 3129-32.

4

Ms. Gatch has direct knowledge of underlying facts and is an original source of any information possessed by the United States regarding these claims.

11. Pam Winans is a licensed paramedic and a citizen of the United States. She was at all relevant times employed by Defendant MedTech. She, Donna Gatch and Mary Rivers bring this action on behalf of the United States for violation of the Civil False Claims Act, 31 USC §§ 3129-32. Ms. Winans has direct knowledge of underlying facts and is an original source of any information possessed by the United States regarding these claims.

12. Mary Rivers is a licensed professional nurse and a citizen of the United States. She was employed by Defendant Beach Bay Health Star, Inc. d/b/a Beach Bay Home Health ("Beach Bay"). She, Donna Gatch and Pam Winans bring this action on behalf of the United States for violation of the Civil False Claims Act, 31 USC §§ 3129-32. Ms. Winans has direct knowledge of underlying facts and is an original source of any information possessed by the United States regarding these claims.

13. Med Tech of North Florida, Inc. d/b/a MedTech Homecare and Gadsden Community Hospital Home Health "(MedTech") is a Florida corporation. It is under contract with Gadsden County, Florida, to operate Gadsden Community Hospital. One of the services provided by MedTech pursuant to its operation of Gadsden Community Hospital is home health care services. It provides these services under the names MedTech Homecare and

5

Gadsden Community Hospital Home Health. MedTech's primary place of business is located in Quincy, Florida. MedTech is authorized to bill Medicare for qualifying home health services provided to Medicare eligible patients. A large percentage of its clientele are Medicare eligible. MedTech therefore bills Medicare for a large percentage of the home health services it provides.

14. William O. Hardy is and was at all relevant times the owner/president and chief executive officer of MedTech.

15. Thomas D. Meadows was at all relevant times a financial consultant employed by MedTech to advise it on various financial matters.

16. Alex Hicks was at all relevant times the administrator of MedTech.

17. Beach Bay Health Star Inc., d/b/a Beach Bay Home Health ("Beach Bay") is a Florida corporation with its primary place of business in Panama City, Florida. It is in the business of providing home health care services to patients including Medicare eligible patients. Beach Bay is not authorized to bill Medicare directly for the home health care services it provides. It was under contract to MedTech to provide home health care services to MedTech's Medicare eligible patients in the vicinity of Bay County, Florida, for which services MedTech billed Medicare. By virtue of its contract Beach Bay was the agent of Med Tech in the provision of home health care services and the preparation of billing related information.

18. Victoria Bellinger was at all relevant times the owner and administrator of Beach Bay.

## GENERAL ALLEGATIONS

19. Before Medicare may be billed for home health services the patient must meet certain criteria. Among these criteria are the following:

  A. The patient must be homebound, that is he or she must experience a normal inability to leave home.

  B. The patient must be under the care of a physician and that physician must have established a medical treatment plan of care which plan of care must be in writing and signed by the physician. The home health service must fall within the period covered by the plan of care and must be a service contemplated by the plan of care.

  C. The home health service provided must be medically reasonable and necessary to the treatment of the patients' illness or injury.

20. One of the factors in determining the amount of reimbursement paid by Medicare for home health services is a cost report submitted by the home health service. The purpose of the cost report is to establish the cost to the billing home health service of its administrative, overhead, and general costs so that they may be reimbursed. Those costs are then used to determine reimbursement rate for the home health service. All costs included in the cost report must be reasonable, necessary to the maintenance of the health care

7

entity which submits it, and related to patient care. The submitting agency is also required to disclose in their cost report the identity of all related parties with whom they have conducted business so that Medicare may adjust cost reimbursement for expenses resulting from self dealing. An entity which does business with a provider is a related party if there is common control or common interest between the provider and the entity.

21. Home health agencies are forbidden by law to pay any form of kickbacks in return for the referral of patients; that is they may not solicit, receive, offer, or pay anything of value to induce or in return for any referral of or recommendation to patients eligible for services payable by Medicare.

## COUNT I

## VIOLATION OF THE CIVIL FALSE CLAIMS ACT

22. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if set out in full herein. This is the claim for treble damages and civil penalties of from $5,000.00 to $10,000.00 per false claim or false statement.

23. Defendants MedTech, William O. Hardy, Thomas D. Meadows, and Alex Hicks having during the past several years and within the applicable statute of limitations consistently, frequently, and knowingly submitted and caused to be submitted to agents of the Medicare Program false and fraudulent claims and statements for payment and approval under the Medicare program. These include but are not limited to the following:

A. MedTech, William Hardy, Thomas Meadows and Alex Hicks have submitted and caused to be submitted to Medicare numerous billings which they knew to be ineligible for payment. In order to disguise these bills as qualifying for payment they caused false information to be included on the bills. The false information included dates of service which were altered to make it appear that the service had been rendered during the effective period of a plan of care, false medical diagnosis codes which were taken from previous plans of care, statements that a signed plan of care was in effect on the date of service, and false medical record numbers.

B. Defendants MedTech, William Hardy, Thomas Meadows and Alex Hicks have on information and belief in order to illegally inflate payments from Medicare caused inflated and inaccurate cost reports to be submitted to Medicare and withheld from Medicare information relevant to the accurate calculation of costs, including but not limited to:

(i) the submission to Medicare as reimbursable costs of many expenses which Defendants knew did not qualify for reimbursement;

(ii) the deliberate failure to report that certain costs resulted from transactions with related entities;

(iii) the failure to report the identity of related entities; and

9

  (iv)  the submission as costs of unreasonable payments made to related entities.

As a result of these acts, payments made to MedTech were improperly inflated.

  C. MedTech, William Hardy, Thomas Meadows and Alex Hicks have made and caused to be made demands for kickbacks for the referral of business which was to be paid for by Medicare.

  24. Using the methods described above Defendants MedTech, William Hardy, Thomas Meadows and Alex Hicks have submitted and caused to be submitted to the Medicare Program numerous claims and false statements which have significantly damaged the United States.

  25. Plaintiff/Relators have employed the undersigned attorney to bring this suit.

  Wherefore Plaintiffs pray for the following relief:

  I. Judgment in an amount equal to three (3) times the amount of damages sustained by the United States plus a civil penalty of $10,000.00 for each individual false claim or false statement submitted in violation of 31 USC 3729 et seq.

  II. An order directing defendants to cease and desist from violating 31 USC 3729 et seq.

  III. An award to Plaintiff/Relators Donna Gatch and Pam Winans of the maximum amount permitted under the statute.

10

    IV.    Attorneys fees, expenses and the costs of the suit.

    V.    Such other relief as the court deems appropriate.

## COUNT II

## VIOLATION OF THE CIVIL FALSE CLAIMS ACT

26.    Plaintiffs hereby realleges and incorporate paragraphs 1 through 21 above as if set out in full herein. This is a claim for treble damages and civil penalties of from $5,000.00 to $10,000.00 per false claim or false statement.

27.    Defendants Beach Bay Health Star, Inc. d/b/a Beach Bay Home Health, Victoria Bellinger, and MedTech of North Florida, Inc. d/b/a MedTech Homecare an Gadsden Community Hospital Home Health have for the last several years and within the applicable statute of limitations, consistently, frequently and knowingly submitted and caused to be submitted to agents of the Medicare program false and fraudulent claims and statements for payment and approval under the Medicare program. This count is limited to those Medicare patients whose home health service was provided by Beach Bay but billed to Medicare by MedTech. The false and fraudulent claims and statements for payment and approval include but are not limited to the following:

A. Beach Bay and its administrator, Victoria Bellinger, as a matter of policy hid from Medicare the fact that its patients may be ineligible for

11

Medicare benefits. It did this by requiring nurses to alter their medical notes to eliminate any reference that indicated that the patient was ineligible for Medicare payments. It then provided the altered and fraudulent notes to MedTech which billed Medicare for the home health services. The result was that MedTech regularly billed Medicare for services which were not properly billable.

  B. Beach Bay and its owner and administrator, Victoria Bellinger, illegally offered and paid kickbacks for referrals of Medicare eligible patients. It then submitted bills for home health services provided to those patients to MedTech which illegally billed Medicare for the services provided.

  C. Beach Bay and its owner and administrator, Victoria Bellinger, knowingly caused the signatures of Medicare patients who were the recipients of home health care services to be forged by the staff of Beach Bay thus resulting in the submission of false claims to Medicare.

  28. Using the methods described above Defendants Beach Bay, Victoria Bellinger, and MedTech have submitted and caused to be submitted to the Medicare program numerous false claims and false statements which have damaged the United States significantly.

  29. Plaintiffs/Relators have employed the undersigned attorney to bring this suit.

  Wherefore Plaintiffs pray for the following relief:

    I.    Judgment in an amount equal to three times the amount of damages sustained by the United States plus a civil penalty of $10,000.00 for each individual false claim or false statement submitted in violation of 31 USC 3729 et. seq.

    II.    An order directing defendants to cease and desist from violating 31 USC 3729 et. seq.

    III.    An award to Plaintiff/Relators Mary Rivers, Donna Gatch and Pam Winans of the maximum amount permitted under the statute.

    IV.    Attorneys fees, expenses and the costs of the suit.

    V.    Such other relief as the court deems appropriate.

COUNT III

### BEACH BAY'S UNLAWFUL DISCHARGE AND HARASSMENT OF MARY RIVERS

30. Plaintiffs reallege and incorporate by reference paragraphs 1 through 21 above as if set out in full. This is a claim for two times back pay plus interest, compensation for special damages and reasonable costs of the litigation including attorneys fees.

31. This is a claim by Mary Rivers against Victoria Bellinger and Beach Bay for two times the amount of back pay, special damages, and other relief under Section 3730(h) of Title 31 of the United States Code.

32. In July of 1997 Mary Rivers, while employed by Beach Bay as a licensed practical nurse, prepared a report on home health services provided to a Medicare eligible patient of Beach Bay and MedTech. Mrs. Rivers' report provided information which was appropriate to the report but which indicated that the patient may not be homebound and therefore may not be eligible for home health services paid for by Medicare. Mrs. Rivers was instructed by Beach Bay to change her report to eliminate any reference that indicated that the patient may not be eligible for home health services paid for by Medicare. Mrs. Rivers refused to change her report because it constituted fraud to do so. Beach Bay insisted that she change her report and threatened to fire her if she did not. Mrs. Rivers then changed the report but reported the change to the appropriate authorities. Mrs. Rivers actions constituted lawful acts in furtherance of an action under Section 3730 of Title 31 of the United States Code.

33. In retaliation for Mary River's lawful act of reporting Beach Bay's unlawful actions, Victoria Bellinger and Beach Bay threatened, harassed, and discharged Mrs. Rivers in violation of Section 3730(h) of Title 31 of the United States Code.

34. Plaintiff has employed the undersigned attorney to bring this suit.

Wherefore Plaintiff Mary Rivers prays for the following relief:

I. Judgment against Defendant Victoria Bellinger and Beach Bay Health Star, Inc. d/b/a Beach Bay Home Health for an amount equal to two times her back pay with interest;

II. Compensation for any special damages sustained by Mary Rivers including the costs of securing other employment, loss of prospective income, and injury to her reputation;

III. All reasonable costs incurred in this litigation plus reasonable attorneys fees; and

IV. Such other relief as the Court deems appropriate.

Respectfully submitted,

David L. McGee
Florida Bar No. 220000
Beggs & Lane
Post Office Box 12950
Pensacola, FL 32576
904/432-2451
Attorneys for Plaintiff